**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1233
_____

ANA EVELIN AMAYA-ARTIGA,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an
Order of the Board of Immigration Appeals
(Agency No. A099-678-534)
Immigration Judge:  Ramin Rastegar
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 7, 2024
_____

Before:  CHAGARES, <u>Chief Judge</u>, CHUNG and FISHER, <u>Circuit Judges</u>

(Filed: June 10, 2024)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, <u>Chief Judge</u>.

Ana Evelin Amaya-Artiga ("Amaya-Artiga") petitions for review of a Board of Immigration Appeals ("BIA") decision dismissing her appeal from an Immigration Judge's ("IJ") order of removal. For the reasons that follow, we will deny the petition for review.

I.[1]

Amaya-Artiga is a native and citizen of El Salvador who came to the United States in 2006. Removal proceedings were initiated upon her arrival and she was ordered removed in absentia, but the proceedings were later reopened. Amaya-Artiga conceded removability and moved for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") based on past persecution and a fear of future persecution by gang members due to her membership in various particular social groups ("PSGs").

The IJ denied relief, concluding, among other things, that Amaya-Artiga was not credible, her claims were not corroborated, her PSGs were not cognizable, there was no nexus between the PSGs and any harm she experienced, and there was no showing of a likelihood of torture. Amaya-Artiga appealed to the BIA, which dismissed her appeal. She timely filed this petition for review.

---

[1] We write for the parties and therefore recite only those facts pertinent to our decision.

II.

A.

Amaya-Artiga first claims that the agency erred by rejecting her claims for asylum and withholding of removal based upon her lack of credibility. We review the BIA's adoption of the IJ's adverse credibility finding with "exceptional deference" under the substantial evidence standard.[2] Alimbaev v. Att'y Gen., 872 F.3d 188, 196 (3d Cir. 2017). Our deferential standard of review reflects the principle that the IJ is "uniquely qualified to decide whether . . . testimony has about it the ring of truth." Id. at 197 (quotation marks omitted). Thus, "[t]he agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" Nasrallah v. Barr, 590 U.S. 573, 584 (2020) (quoting 8 U.S.C. § 1252(b)(4)(B)).

Here, as the BIA observed, the IJ based the credibility finding on "specific and cogent reasons, including significant evasiveness, vague and inconsistent statements, omissions, and lack of corroboration." Appendix ("App.") 8. Among other things, the IJ identified numerous glaring inconsistencies between Amaya-Artiga's testimony and her written application. Her application stated, for instance, that she was threatened by the gang "at least twice a month," Administrative Record ("AR") 162, yet she testified that she was threatened "only on three occasions," AR 146. The application reflected that she was "beaten and assaulted at gunpoint" by gang members, AR 163, while she testified

---

[2] Where, as here, "the 'BIA's opinion directly states that the BIA is deferring to the IJ, or invokes specific aspects of the IJ's analysis and factfinding in support of the BIA's conclusions,' we review both decisions." Uddin v. Att'y Gen., 870 F.3d 282, 289 (3d Cir. 2017) (quoting Oliva-Ramos v. Att'y Gen., 694 F.3d 259, 270 (3d Cir. 2012)).

3

that "[t]hey didn't hit [her]," AR 145.  Amaya-Artiga's affidavit stated that three of her children "had to flee" El Salvador due to threats from gang members, AR 219, but she testified that "[she] d[id]n't know why they came" to this country, AR 129.

Amaya-Artiga does not dispute the existence of these discrepancies, but she attempts to minimize them.  She acknowledges that, with respect to the frequency and degree of persecution, her testimony described less severe harm than her written application.  But she contends she should be credited because she diminished, rather than exaggerated, her claims.  She also argues that her children's reasons for leaving El Salvador are irrelevant to her asylum claim and should not be considered in assessing her credibility.

We are not persuaded.  A credibility determination may rely on any inconsistency or omission, so long as the totality of the circumstances establishes that the petitioner is not credible.  See Sunuwar v. Att'y Gen., 989 F.3d 239, 250 (3d Cir. 2021); 8 U.S.C. § 1158(b)(1)(B)(iii).  Considering the totality of the circumstances, there is substantial support for the IJ's finding that Amaya-Artiga was not credible.  Her arguments do not compel a contrary conclusion.  See Nasrallah, 590 U.S. at 584.

B.

Amaya-Artiga next claims that the agency erred in concluding she did not meet her burden of proof for asylum and withholding of removal because she failed to present reasonably available documentary evidence specific to her claims or to explain the absence of such evidence.  Indeed, the IJ noted that Amaya-Artiga failed to provide "any document of any sort to establish any of the things that she alleges or has alleged today."

4

App. 23.  The BIA agreed, observing that she failed to satisfy her burden of proof due to "the absence of credible testimony and any evidence which independently establishes her burden."  App. 9.  Amaya-Artiga does not dispute that she did not submit documentary evidence to specifically corroborate her claims.[3]  Rather, she argues that it was error to expect any corroboration at all.

We disagree.  Amaya-Artiga testified, for instance, that three of her adult children reside in the United States and one of them has also applied for asylum.  It was reasonable for the IJ to question why she did not provide statements from those children to support her claims.  See Chukwu v. Att'y Gen., 484 F.3d 185, 192 (3d Cir. 2007) (holding that it is reasonable to expect corroboration where facts central to the claim are easily subject to verification).  Amaya-Artiga bore the burden of proof.  8 U.S.C. § 1158(b)(1)(B)(i).  While testimony without corroboration may be sufficient to sustain that burden where a petitioner is credible, see id. § 1158(b)(1)(B)(ii), Amaya-Artiga was not credible and so was required to meet her burden with additional evidence specific to her claims.  She failed to do so.

## C.

Amaya-Artiga last claims that the IJ erred in denying CAT relief.  To determine whether a petitioner has met her CAT burden, the agency must address:  (1) what is likely to happen if the petitioner is removed, and (2) whether what is likely to happen amounts

---

[3] Amaya-Artiga argues that she submitted a report showing that many individuals in El Salvador are victims of gang crime.  A general report about crime in El Salvador, without more, does not demonstrate that Amaya-Artiga personally experienced or will experience persecution, and is therefore insufficient to sustain her burden of proof.

to torture.  Myrie v. Att'y Gen., 855 F.3d 509, 516 (3d Cir. 2017).

Like her claims for asylum and withholding of removal, the agency determined that the CAT claim failed because Amaya-Artiga did not sustain her burden of proof:  her claim was based on non-credible testimony and was unsupported by objective evidence. Amaya-Artiga contends the agency committed reversible error by failing to conduct the two-step Myrie analysis when it rejected her claim.  We are unpersuaded.  Although the IJ did not cite Myrie, his analysis amounted to a conclusion that Amaya-Artiga failed Myrie step one, because he determined that she did not meet her burden to prove what is likely to happen to her if removed.  She offers nothing to undermine that sound conclusion.

III.

For the foregoing reasons, we will deny the petition for review.